**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT TOLEDO**

| | |
|---|---|
| **FARRELL SPENCE** and **PAMELA SPENCE**<br>339 Hoelter Avenue<br>Luckey, OH 43443<br><br>                Plaintiffs,<br><br>   v.<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES, LLC**<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>and<br><br>**U.S. BANK, N.A.,** not in its individual capacity, but solely as trustee of REO Trust 2017-RPL1<br>c/o Andrew Cecere, C.E.O.<br>800 Nicollet Mall<br>Minneapolis, MN 55402<br><br>              Defendants. | Civil Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs Farrell Spence and Pamela Spence, by and through counsel, for their Complaint against Defendants Rushmore Loan Management Services, LLC and U.S. Bank, N.A., not in its individual capacity, but solely as trustee of REO Trust 2017-RPL1, state as follows:

<u>**WHY PLAINTIFFS ARE FILING THIS CASE**</u>

1.    Plaintiffs Farrell Spence and Pamela Spence (collectively, "Plaintiffs") entered into a Loan Modification Agreement with Defendant U.S. Bank, N.A., not in its individual capacity, but solely as trustee of REO Trust 2017-RPL1 ("REO Trust"), by and through Defendant Rushmore Loan Management Services, LLC ("Rushmore") in November of 2019. Since entering

into the Loan Modification Agreement, Plaintiffs have remitted all mortgage payments due and owing on the mortgage loan. Nevertheless, Rushmore has refused to properly apply their mortgage payments, improperly assessed fees to Plaintiffs' mortgage loan, and sent inaccurate notices to Plaintiffs stating that the mortgage loan is in default.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiffs are the owners of real property located at and commonly known as 339 Hoelter Avenue, Luckey, OH 43443 (the "Home").

3. Plaintiffs currently maintain the Home as their primary, principal residence, and have so maintained the Home for all times relevant to the allegations of this Complaint.

4. REO Trust is the owner of a note executed by Plaintiffs (the "Note") and a mortgage on the Home executed by Plaintiffs that purportedly secures the Note (the "Mortgage") (collectively referred to hereinafter as the "Loan"). A true and accurate copy of the Loan is attached as *Plaintiffs' Exhibit 1*.

5. Rushmore is the current servicer of the Loan.

6. Rushmore has serviced the Loan on behalf of REO Trust at all times relevant herein.

7. At all times relevant herein, Rushmore has acted and currently acts as an agent for REO Trust.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. (RESPA).

9. This action is filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) and implemented pursuant to section 6(f) of RESPA which became effective on January 10, 2014, specifically, 12 C.F.R. §§ 1024.35 and 1024.36 of Regulation X.

10.     This Court has supplemental jurisdiction to hear any state law statutory and common law claims pleaded, infra, or that otherwise may arise pursuant to 28 U.S.C. § 1367.

11.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiffs maintain the Home as their primary residence within this District.

## SUMMARY OF CLAIMS

12.     In January 2013, the CFPB issued final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

13.     Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act Mortgage Servicing Final Rules, 78 F.R. 10695 (Regulation X) (February 14, 2013) which became effective on January 10, 2014.

14.     The Loan is a "federally related mortgage loan" as defined by 12 C.F.R. § 1024.2(b).

15.      Rushmore is subject to the aforesaid regulations and does not qualify for the exemption for "small servicers" as defined in 12 C.F.R. § 1026.41(e)(4), nor a "qualified lender" as defined in 12 C.F.R. § 617.700.

16.     Plaintiffs have a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches which provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

17.     Plaintiffs assert a claim for relief against Rushmore for violating 12 U.S.C. §§ 2605(k)(1)(C) and (E) for violations of 12 C.F.R. §§ 1024.35 AND 1024.36 under Regulation X as set forth, *infra*.

18.     Plaintiffs also assert a statutory claim against Rushmore for violations of the Residential Mortgage Lending Act, R.C. 1322.01, *et seq.* (RMLA).

19.     Rushmore is subject to the requirements of the RMLA and does not qualify for the exemptions listed in R.C. 1322.04.

20.     Rushmore is a mortgage servicer under the RMLA as it "holds the servicing rights, records mortgage payments on its books, or performs other functions to carry out the mortgage holder's obligations or rights under the mortgage agreement." R.C. 1322.01(AA).

21.     Plaintiffs also assert a state law claim for breach of contract against Rushmore and REO Trust (collectively, "Defendants").

**BACKGROUND**

22.     On or about November 21, 2019, Plaintiffs entered into a loan modification (the "Modification") with Rushmore and REO Trust wherein Plaintiffs' total monthly payment obligation would be $1,326.99. A true and accurate copy of the Modification is attached as *Plaintiffs' Exhibit 2.*

23.     On or about November 26, 2019 Rushmore, through their counsel, received the mortgage payments due for November 1, 2019 and December 1, 2019.

24.     Plaintiffs timely made their mortgage payments due for January 1, 2020 through March 1, 2020.

25.     Despite the above, Rushmore sent correspondence to Plaintiffs advising that the Loan was overdue for a payment in the amount of $1,326.99 and was being assessed a late fee.

26.     After receiving this correspondence, on or about March 29, 2020 Plaintiffs submitted correspondence to Rushmore through Rushmore's online complaint form stating that they had timely made all five mortgage payments due and owing pursuant to the Modification and that the late fees were improper (the "Complaint").

27.     On or about May 8, 2020 Rushmore generated correspondence in response to the

4

Complaint (the "Response to the Complaint"). A true and accurate copy of the Response to the Complaint is attached as ***Plaintiffs' Exhibit 3***.

28.     The Response to the Complaint indicated that Rushmore had applied the payment received on or about March 11, 2020 to the February 1, 2020 payment but fails to provide information regarding the application of the four payments Plaintiffs made prior to March 11, 2020.  See ***Plaintiffs' Exhibit 3.***

29.     The Response to the Complaint also advised that the mortgage payment had increased effective with the April 1, 2020 payment due to an escrow shortage. ***Id.***

30.      Accordingly, on or about May 29, 2020 Plaintiffs made a payment in the amount of $105.63 to make up the difference for the mortgage payments they had already submitted for April of 2020, May of 2020, and June of 2020.

31.     Plaintiffs also timely made their mortgage payment due for July of 2020.

32.     Despite receipt of all mortgage payments due and owing on the Loan pursuant to the Modification, Rushmore generated a mortgage statement providing that the Loan was overdue in the amount of $1,362.20 and fees and charges had been assessed to the Loan.   A true and accurate copy of the mortgage statement dated July 28, 2020 is attached as ***Plaintiffs' Exhibit 4.***

33.     The July 28, 2020 mortgage statement inexplicably indicates that there was $1,256.57 in partial payments paid year to date with a partial payment currently being held in suspense of $70.42 which amounts to the missing mortgage payment of $1,326.99 that Rushmore has failed to apply to the loan to date.  See ***Plaintiffs' Exhibit 4.***

## RETENTION OF COUNSEL AND ATTEMPTS FOR RUSHMORE TO CORRECT ERRORS

34.     Upon discovering that Rushmore was still not properly applying their mortgage payments, Plaintiffs hired DannLaw to investigate potential errors relating to Rushmore's

servicing of the Loan.

35.     On or about September 16, 2020, Plaintiff, through counsel, sent correspondence to Rushmore consisting of or otherwise comprising a notice of error pursuant to, *inter alia*, 12 C.F.R. § 1024.35(b)(2) and 12 C.F.R. § 1024.35(b)(5) ("NOE #1"), asserting that Rushmore failed to properly apply accepted payments and imposed improper fees on the Loan. NOE #1 without enclosures is attached as ***Plaintiffs' Exhibit 5.***

36.     Rushmore received NOE #1 on September 21, 2020 at its designated address for such.  USPS tracking information for NOE #1 is attached as ***Plaintiffs' Exhibit 6***.

37.     On or about September 17, 2020, Plaintiff, through counsel, sent correspondence to Rushmore consisting of or otherwise comprising requests for information pursuant to 12 C.F.R. §1024.36 requesting detailed information related to the Loan (the "RFIs"). The RFIs are attached as ***Plaintiffs' Exhibit 7***.

38.     Rushmore received the RFIs on September 28, 2020 at its designated address for such.  USPS tracking information for the RFIs is attached as ***Plaintiffs' Exhibit 8.***

39.     As Rushmore did not provide a payoff quote or identify the owner, master servicer, and servicer of the Loan, Plaintiffs sent another notice of error, pursuant to 12 C.F.R. § 1024.35 on or about October 21, 2020 ("NOE #2") alleging that Rushmore failed to provide a response to Plaintiffs' request for a payoff statement and the identity and address for the owner or assignee, master servicer, and servicer of the Loan.  A true and accurate copy of NOE #2 is attached as ***Plaintiffs' Exhibit 9***.

40.     Rushmore received NOE #2 on November 2, 2020 at its designated address for such. USPS tracking information for NOE #2 is attached as ***Plaintiffs' Exhibit 10***.

41.     On November 6, 2020, Plaintiffs, by and through counsel, received correspondence

from Rushmore that was postmarked November 3, 2020 and contained two copies of the following items:

    a.   Correspondence from Rushmore dated May 29, 2020;

    b.   Customer Account Activity Statement covering January 2, 2019 - October 26, 2020;

    c.   Annual Escrow Account Disclosure Statement dated February 14, 2020; and,

    d.   Loan Modification Agreement dated November 21, 2019.

A true and accurate copy of such correspondence is attached as ***Plaintiffs' Exhibit 11.*** There was no responsive letter to any RESPA correspondence included with the correspondence postmarked November 3, 2020. See ***Plaintiffs' Exhibit 11.***

    42.    On or about November 10, 2020 Rushmore sent correspondence in response to the RFIs and NOE #2 (the "Response to the RFIs and NOE #2"). The Response to the RFIs and NOE #2 without enclosures is attached as ***Plaintiffs' Exhibit 12***.

    43.    In the Response to the RFIs and NOE #2, Rushmore failed to provide Plaintiff with all of the information requested by the RFIs.  Specifically, Rushmore failed to provide a reinstatement quote and/or reinstatement letter showing the exact amount needed to cure any default or delinquency. See ***Plaintiffs' Exhibit 12.***

    44.    Rushmore also asserted that they have no record of receiving Plaintiffs' requests for a payoff statement and the identities of the current owner, master servicer, and servicer despite NOE #2 having enclosed a copy of the certified slip which proved that Rushmore had received the requests on September 28, 2020.  *See **Plaintiffs' Exhibits 8-9.***

    45.    The Response to the RFIs and NOE #2 also provided that the Loan was due for the October 1, 2020 mortgage payment despite Plaintiffs having remitted any and all payments due

and owing on the Loan. See *Plaintiffs' Exhibit 12.*

46.     To date, Rushmore has not performed a reasonable investigation into the errors alleged through NOE #1 and such errors persist. [1] A true and accurate copy of the mortgage statement dated November 24, 2020 is attached as *Plaintiffs' Exhibit 13.*

## THE IMPACT ON PLAINTIFFS

47.     Rushmore and REO breached the Modification and the Loan and Rushmore otherwise failed to properly service the Loan on behalf of REO Trust which has directly and proximately caused the following damages to Plaintiff:

(a)     Rushmore assessed improper fees and expenses on the Loan;

(b)     Plaintiffs incurred attorneys' fees, costs, and expenses, as well as postage costs in the preparation and mailing of NOE #1 and NOE #2; and,

(c)     Defendants' conduct has caused Plaintiffs to suffer great emotional distress driven by the fear of Defendants continuing to demand amounts over and beyond what the Modification and Loan permit despite Plaintiffs' timely payment of all mortgage payments due and owing on the Loan which has resulted in anxiety and other mental distress.

48.     Throughout this entire ordeal, Plaintiffs have simply wanted Rushmore to properly apply all of their mortgage payments pursuant to the Complaint and NOE #1.

## ADDITIONAL EVIDENCE OF RUSHMORE'S PATTERN AND PRACTICE OF VIOLATIONS OF REGULATION X

49.     Rushmore's actions are part of a pattern and practice of behavior in violation of Plaintiffs' rights and in abdication and contravention of Rushmore's obligations under the

---

[1] "A servicer may request supporting documentation from a borrower in connection with the investigation of an asserted error, but *may not*: (i) Require a borrower to provide such information as a condition of investigating an asserted error; or, (ii) *Determine that no error occurred because the borrower failed to provide any requested information without conducting a reasonable investigation pursuant to paragraph (e)(1)(i)(B) of this section.*" 12 C.F.R. § 1024.35(e)(2) (emphasis added).

mortgage servicing regulations set forth in Regulation X of RESPA.

50.     At the time of the filing of this Complaint, Rushmore has had at least Five Hundred and Four (504) consumer complaints lodged against them nationally, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan modification, collection, foreclosure" concerning mortgages; at least Two Hundred and Thirty (230) consumer complaints lodged against them nationally, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan servicing, payments, escrow account" concerning mortgages; and, at least Seven Hundred and Eighty Six (786) consumer complaints lodged against them nationally, specifically concerning the issue identified on the CFPB's consumer complaint database as "trouble during payment process" concerning mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database (http://www.consumerfinance.gov/complaint database/).

51.     Plaintiff has reviewed the CFPB's consumer complaint database and has identified fifteen (15) complaints from other borrowers alleging RESPA violations by Defendant which demonstrate that Defendant has engaged in a pattern and practice of violating RESPA with respect to other borrowers. *The fifteen (15) aforementioned consumer complaints are attached as **Plaintiffs' Exhibit 14** with the date, details, and a narrative disclosed by the consumer set forth in each complaint.*

## COUNT ONE: AGAINST REO TRUST AND RUSHMORE

### (Breach of Contract)

52.     Plaintiffs restate and incorporate herein the statements and allegations contained in paragraphs 1 through 51 in their entirety, as if fully rewritten herein

53.     The Loan is an enforceable contract between Plaintiffs and Defendants.

54.     Defendants breached the Loan by failing to honor the express terms of the Loan, by improperly trying to collect amounts not authorized by the Loan.

55.     Plaintiffs performed their obligations pursuant to the Loan by making payment of amounts properly due and by otherwise meeting their obligations imposed by the parties' contract.

56.     Defendants breached the Loan. The breach is one of bad faith as demonstrated by the above allegations.  Defendants improperly assessed fees and charges to the Loan.

57.     Defendants owed Plaintiffs a duty to handle the Loan properly and in accordance with the parties' agreement.  Defendants breached their duty to Plaintiffs by failing to properly apply Plaintiffs' mortgage payments and attempting to collect amounts not due under the terms of the Loan.

58.     Plaintiffs have suffered actual damages as detailed, *supra*, including but not limited to, incurring lost time, expenses, and attorneys' fees in attempts to have Defendants correct their breach. Plaintiffs continue to suffer economic and non-economic damages as a result of the breach including continued emotional distress.

59.     Plaintiffs are entitled to actual damages, reasonable attorneys' fees and costs from Defendants.

### COUNT TWO: AGAINST RUSHMORE

### (Violations of RESPA)

**[Violations of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(k)(1)(C) and (E) for failure to reasonably investigate and properly respond to notices of errors]**

60.     Plaintiffs restate and incorporate the statements and allegations contained in paragraphs 1 through 51 in their entirety, as if fully rewritten herein.

61.     12 C.F.R. § 1024.35(a) provides:

> A servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred.

62.     Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. § 1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower."

63.     12 C.F.R. § 1024.35(e)(1) provides that a servicer must respond to a notice of error by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or:

> Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

64.     A servicer shall not "fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties" 12 U.S.C. § 2605(k)(1)(C).

65.     A servicer shall not "fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

66.     NOE #1 meets the requirements of a notice of error as defined by 12 C.F.R. § 1024.35(a).  See *Plaintiffs' Exhibit 5*.

67.     Plaintiffs sent NOE #1 to Rushmore at their self-designated address for the receipt

of notices of error pursuant to 12 C.F.R. § 1024.35(c) (the "Designated Address") and Rushmore received the same at such address. See *Plaintiffs' Exhibits 5-6.*

68.     Through NOE #1, Plaintiffs alleged that Rushmore committed errors by failing to apply an accepted payment and improperly charging fees to the Loan as a result. See *Plaintiffs' Exhibit 5.*

69.     Rushmore received NOE #1 at the Designated Address September 21, 2020. See *Plaintiffs' Exhibit 6*.

70.     Pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(C), Rushmore was required to respond to NOE #1 within thirty (30) business days of their receipt of NOE #1.

71.     Plaintiffs did not receive a response to NOE #1 within the required time frame pursuant to 12 C.F.R. § 1024.35(e).

72.     NOE #2 meets the requirements of a notice of error as defined by 12 C.F.R. § 1024.35(a). See *Plaintiffs' Exhibit 9*.

73.     Plaintiffs sent NOE #2 to Rushmore at the Designated Address and Rushmore received the same at such address. See *Plaintiffs' Exhibits 9-10.*

74.     Through NOE #2, Plaintiffs alleged that Rushmore committed an error by failing or otherwise refusing to properly respond to Plaintiffs' request for a payoff statement and the identity of the owner, master servicer, and servicer of the Loan. *See Plaintiffs' Exhibit 9*.

75.     Rushmore received NOE #2 at the Designated Address on or about November 2, 2020. See *Plaintiffs' Exhibit 10.*

76.     The Response to the RFIs and NOE #2 failed to satisfy the requirements of either 12 C.F.R. §§ 1024.35(e)(1)(A) or 1024.35(e)(1)(B). See *Plaintiffs' Exhibit 12.*

77.     Rushmore, through the Response to the RFIs and NOE #2, did not acknowledge

that any of the alleged errors occurred and state the date of the correction of any such errors. *Id*.

78.     Rushmore, through the Response to the RFIs and NOE #2, claimed that they had no record of receiving correspondence dated August 24, 2020. See *Plaintiffs' Exhibit 12.*

79.     Had Rushmore conducted a reasonable investigation, which would have, at a bare minimum, included reviewing NOE #2 and its enclosures, it would have been readily apparent that the correspondence in question was dated September 17, 2020 and had been received by Rushmore on September 28, 2020.

80.     Rushmore's actions in failure to acknowledge that an error occurred pursuant to NOE #2 constitutes a violation of 12 C.F.R. § 1024.35(e)(1)(A).

81.     To this date, Rushmore has failed to correct the errors asserted through NOE #1.

82.     Rushmore's failure to properly respond to NOE #1 and NOE #2 constitutes at least two (2) separate violations of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(k)(1)(C) and (E), one (1) such violation for each of the notices of error to which Rushmore failed to properly respond.

83.     Rushmore's actions are part of a pattern and practice of behavior in violation of Plaintiffs' rights and the rights of other similarly situated borrowers and in violation of Rushmore's obligations under Regulation X of RESPA.  Rushmore's pattern and practice as such is evidenced by their refusal to appropriately respond to and correct the errors Plaintiffs' alleged through NOE #1 and NOE #2.

84.     Plaintiffs have suffered damages as a direct and proximate result of Rushmore's actions including incurring legal fees and expenses in the preparation and mailing of NOE #1 and NOE #2, and, ultimately, for the preparation, filing, and prosecution of this case to remedy Rushmore's wrongful conduct.

85.     Additionally, Plaintiffs have suffered, and continue to suffer, significant damages

including other legal expenses, anxiety, and emotional distress, as further described, *supra*.

86.     As a result of Rushmore's actions, Rushmore is liable to Plaintiffs for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT THREE: AGAINST RUSHMORE
**(Violations of 12 C.F.R. § 1024.36 and 12 U.S.C. §§ 2605(k)(1)(C) and (E) for failure to properly respond to a request for information*)***

87.     Plaintiffs restate and incorporate the statements and allegations contained in paragraphs 1 through 51 in their entirety, as if fully rewritten herein.

88.     12 C.F.R. § 1024.36(a) provides, in relevant part, that a request for information may consist of "any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan."

89.     Comment 1 of the Official Interpretations of the CFPB to 12 C.F.R. § 1024.36(a) provides that "[a]n information request is submitted by a borrower if the information request is submitted by an agent of the borrower."

90.     12 C.F.R. § 1024.36(d)(1) provides, in relevant part, that:

> [A] servicer must respond to an information request by either:
> (i) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or
> (ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

91.     Furthermore, 12 C.F.R. § 1024.36(d)(2)(i) provides that:

A servicer must comply with the requirements of paragraph (d)(1) of this section:

(A) Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan; and

(B) For all other requests for information, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request.

92.    A servicer shall not "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."12 U.S.C. §§ 2605(k)(1)(E).

93.    The RFIs met the definition of a request for information. See ***Plaintiffs' Exhibit 7***.

94.    Plaintiffs sent the RFIs to Rushmore at the Designated Address and Rushmore received the RFIs at the Designated Address on September 28, 2021. See ***Plaintiffs' Exhibits 7-8.***

95.    Pursuant to 12 C.F.R. § 1024.36(d)(2)(i)(B), Rushmore was required to provide written correspondence to Plaintiffs in response to the RFIs "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receive[d] the information request", as contained in the RFIs, in compliance with the requirements of 12 C.F.R. § 1024.36(d)(1).

96.    Plaintiffs never received any written correspondence from Rushmore containing a payoff quote or identify the owner, master servicer, and servicer of the Loan on or before the response deadline and Rushmore therefore failed to comply with the requirements of 12 C.F.R. § 1026.36(c)(3) and 12 C.F.R. § 1024.36(d)(1) regarding the RFIs.

97.    Plaintiffs incurred fees in having counsel prepare and send NOE #2 on their behalf to Rushmore at the Designated Address, which would not have been necessary but for Rushmore's failure to properly respond to the RFIs. See ***Plaintiffs' Exhibit 9.***

98. Rushmore's actions, in failing to provide a payoff quote, reinstatement quote and/or reinstatement letter, or identify the owner, master servicer, and servicer of the Loan to Plaintiffs in response to the RFIs by the response deadline, constitute a willful violation of 12 C.F.R. § 1024.36(d).

99. Rushmore's actions are believed to be a pattern and practice of behavior in conscious disregard for Plaintiffs' rights.

100. As a result of Rushmore's actions, Rushmore is liable to Plaintiffs for actual damages, statutory damages, costs, and attorneys' fees, including, but not limited to incurring costs and fees for the preparation and mailing of NOE #2 which would not have been necessary but for Rushmore's failure to properly respond to the RFIs. *Id.*

## COUNT FOUR: AGAINST RUSHMORE

### (Violations of the RMLA, R.C. 1322.01, *et seq.*)

101. Plaintiffs restate and incorporate the statements and allegations contained in paragraphs 1 through 51 in their entirety, as if fully rewritten herein.

102. "No person ... shall act as a … mortgage servicer … without first having obtained a certificate of registration from the superintendent of financial institutions for the principal office and every branch office to be maintained by the person for the transaction of business as a … mortgage servicer ... in this state." R.C. 1322.07(A).

103. Rushmore, as a mortgage servicer, is required to be registered with the Ohio Department of Commerce, Division of Financial Institutions under R.C. 1322.

104. Rushmore is a registrant under R.C. 1322, as the Ohio Department of Commerce, Division of Financial Institutions has issued it certificates of registration, *inter alia*, License Nos. RM.850289.000, RM.850289.001-BR, RM.850289.002-BR, RM.850289.003-BR,

RM.850289.004-BR.

105. Plaintiffs are buyers, as the Loan is serviced by Rushmore, a mortgage servicer. R.C. 1322.01(H).

106. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, et seq. cannot "[e]ngage in conduct that constitutes improper, fraudulent, or dishonest dealings." R.C. 1322.40(C).

107. Rushmore's conduct, in misapplying and otherwise failing to properly account for payments remitted towards the Loan, for manufacturing a rolling one (1) month delinquency, for imposing fees including late fees based solely upon the manufactured delinquency, and in failing to timely correct the errors asserted through the Complaint and NOE #1 constitutes violations of R.C. 1322.40(C).

108. Rushmore's actions caused Plaintiffs to suffer actual damages, specifically:

    a. Improper fees and expenses assessed to the Loan; and,

    b. Plaintiffs had to retain and pay legal counsel to submit NOE #1 and NOE #2;

    c. Plaintiffs had to pay postage costs for the mailing of NOE #1 and NOE #2; and,

    d. Plaintiffs suffered emotional distress directly and proximately caused by Rushmore's actions.

See ¶ 47.

109. As a result of Rushmore's conduct, Rushmore is liable to Plaintiffs for actual damages, as further described, *supra,* as well as reasonable attorneys' fees and costs incurred in connection with this action and punitive damages. R.C. 1322.52.

110.   R.C. 1322.45(A) requires a registrant, licensee, or person required to be registered or licensed to, *inter alia*:

> a.  Comply with all duties imposed by other statutes or common law;
>
> b.  Act with reasonable skill, care, and diligence; and,
>
> c.  Act in good faith and with fair dealing.

111.   These duties and standards of care of R.C. 1322.45(A) cannot be waived or modified. R.C. 1322.45(C).

112.   Rushmore's actions in failing to meet its obligations under 12 C.F.R. § 1024.35, 12 C.F.R. § 1024.36, and 12 U.S.C. § 2605(k) constitute violations of R.C. 1322.45(A), (A)(3), and (A)(4)

113.   Rushmore's actions caused Plaintiffs to suffer actual damages, specifically:

> a.  Improper fees and expenses assessed to the Loan; and,
>
> b.  Plaintiffs had to retain and pay legal counsel to submit NOE #1 and NOE #2;
>
> c.  Plaintiffs had to pay postage costs for the mailing of NOE #1 and NOE #2; and,
>
> d.  Plaintiffs suffered emotional distress directly and proximately caused by Rushmore's actions.

See ¶ 47.

114.   As a result of Rushmore's conduct, Rushmore is liable to Plaintiffs for actual damages, as further described, *supra*, as well as reasonable attorneys' fees and costs incurred in connection with this action and punitive damages. R.C. 1322.45(D).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs Farrell Spence and Pamela Spence pray that this Court enter its

order granting judgment in their favor as follows:

a)   For actual damages against Defendants as to all allegations contained in Count One;

b)   For actual damages against Rushmore as to all allegations contained in Counts Two through Four;

c)   For statutory damages of Two Thousand Dollars ($2,000.00) against Rushmore for each and every violation of RESPA as alleged through Counts Two and Three;

d)   For punitive damages against Rushmore for the allegations contained in Count Four;

e)   For costs, and reasonable attorneys' fees; and,

f)   Such other relief which this Court may deem appropriate.

Respectfully submitted,

*/s/ Whitney P. Horton*
Whitney P. Horton (0098224)
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
DANNLAW
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216)373-0539
Facsimile: (216)373-0536
notices@dannlaw.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Whitney P. Horton
Whitney P. Horton (0098224)
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
DANNLAW
*Counsel for Plaintiffs*